Filed 3/14/23  P. v. Juarez CA5
Opinion on transfer from Supreme Court

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK JUAREZ,<br><br>    Defendant and Appellant. | F083314<br><br>(Super. Ct. No. CF92461258)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]    Before Detjen, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

In 1992, appellant Frank Juarez was convicted by jury of first degree murder (Pen. Code,[1] § 187) and kidnapping (§ 207, subd. (a)). The jury also found true a special circumstance alleging that the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)). Juarez was sentenced to prison for life without the possibility of parole.

Following the passage of Senate Bill No. 1437 (2017-2018), Juarez filed a petition for resentencing under former section 1170.95.[2] The superior court denied Juarez's petition without appointing counsel, requesting additional briefing, or issuing an order to show cause. On appeal, we affirmed the trial court's denial of Juarez's petition based upon the jury's true finding on the special circumstance. Juarez filed a petition for review in our Supreme Court.

Our Supreme Court transferred the matter back to this court with directions to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). In *Strong*, our Supreme Court held that a pre-*Banks*/*Clark*[3] felony-murder special circumstance finding does not render a former section 1170.95 petitioner ineligible for relief as a matter of law. (*Strong*, at p. 703.)

We invited the parties to submit supplemental briefing concerning the effect of *Strong* on Juarez's case. Juarez contends that *Strong* compels reversal of the trial court's order. The Attorney General agrees, as do we.

---

[1] All undefined statutory citations are to the Penal Code unless otherwise stated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no significant change in text (Stats. 2022, ch. 58, § 10). Juarez filed his petition prior to this renumbering, and he therefore referred to the statute as section 1170.95 in his petition.

[3] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

2.

In conformity with our Supreme Court's directive, we order our prior decision vacated and for the reasons stated herein, we reverse the trial court's order denying Juarez's petition for resentencing. On remand, following the filing of an amended petition by Juarez within 60 days of remittitur, the trial court is directed to appoint counsel to Juarez, to issue an order to show cause, and to conduct further proceedings consistent with section 1172.6.

## PROCEDURAL HISTORY

In 1992, a jury convicted Juarez of first degree murder (§§ 187, 189) and kidnapping (§ 207, subd. (a)). The jury also found true a special circumstance alleging that the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)). Juarez was sentenced to prison for life without the possibility of parole for murder, and a five-year stayed determinate term for kidnapping.

On September 22, 1994, this court affirmed Juarez's conviction on direct appeal. (*People v. Juarez*, Sept. 22, 1994, F019469 [nonpub. opn.].)

On February 22, 2021, Juarez filed a petition for resentencing under former section 1170.95.

On April 20, 2021, the Fresno County District Attorney's Office filed an opposition to Juarez's petition.

On August 2, 2021, the superior court denied Juarez's petition for resentencing with prejudice.

On September 2, 2021, this court affirmed the superior court's denial of Juarez's petition for resentencing. (*People v. Juarez*, Sept. 2, 2021, F083314 [nonpub. opn.].)

On December 21, 2022, our Supreme Court transferred Juarez's case back to this court for reconsideration in light of *Strong*.

## STATEMENT OF FACTS

### *The Underlying Offense[4]*

Following an altercation at a bar the previous night, Juarez struck Timothy Sweeney's face with his fist. Juarez and Ronald Hajnal then placed Sweeney, who was semi-conscious, in the back of Hajnal's van. They drove drove Sweeney to an isolated area, pulled him out of the vehicle, and beat him. Juarez used a metal jack handle during the attack, and one of the men used a knife. After the attack, Sweeney's body was dragged into an orange grove.

Six days later, Sweeney's body was discovered. The word "puto" was carved onto Sweeney's upper shoulder blade.

At trial, the forensic pathologist testified about his findings from the autopsy on Sweeney's body. The pathologist concluded that no single injury had caused Sweeney's death. Rather, each injury had been a contributing factor.

### *The Trial Court's Ruling on Juarez's Petition*

On August 2, 2021, the trial court denied Juarez's petition with prejudice, explaining:

> "Petitioner, Frank Juarez failed to make a prima facie showing that he falls within the provisions of Penal Code section 1170.95. The condition set out at Penal Code [section] 1170.95[, subd.] (a)(3) does not apply. Petitioner was found guilty of first degree murder and kidnapping and specifically found that the murder occurred during the commission of a kidnapping. The appellate court found that an examination of the evidence in the light most favorable to the judgment reveals substantial evidence to support the felony-murder special circumstances finding. See *People v. Juarez* (September 22, 1994, F019469, page 34) (nonpub. opinion). The record, including the appellate opinion in this case, shows that the petitioner was

---

**4**     Our prior opinion affirming Juarez's judgment of conviction was not made part of the record on appeal. The following statement of facts were therefore taken from the probation officer's report. We recite these facts for the limited purpose of providing context to Juarez's criminal conviction.

likely the actual killer, and at a minimum was a major participant in the underlying felony and acted with reckless indifference to human life."

## DISCUSSION

Juarez contends, and the Attorney General agrees, that our Supreme Court's decision in *Strong* compels reversal of the trial court's order. We accept the parties' concession. The jury's special circumstance finding was made in 1992, well before our Supreme Court's decisions in *Banks, supra,* 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522. Following *Strong*, the jury's special circumstance finding does not render Juarez ineligible for resentencing relief as a matter of law. Further, although Juarez may be one of the actual killers, the record does not conclusively show as much without " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) We therefore conclude that the trial court erred in denying Juarez's petition for resentencing without appointing counsel, issuing an order to show cause, or holding an evidentiary hearing.

## I.     Senate Bill No. 1437

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine ... to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, *supra*, 10 Cal.5th at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e), which provides:

"A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer.  [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Finally, the bill added former section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under a natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile, supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1172.6, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); accord, *Lewis, supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the trial court may rely on the record of conviction. (*Lewis*, at pp. 970-971 ["[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"]) However, "the 'prima facie bar was intentionally and correctly set very low.' " (*Lewis,* at p. 972.) The trial court must accept the petitioner's allegations as true and "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile, supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. (*Ibid.*)

To demonstrate prejudice from the denial of a petition for resentencing before the issuance of an order to show cause or the appointment of counsel, the petitioner must

show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Senate Bill No. 775

On October 5, 2021, the Governor signed Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775) into law, and its amendments to section 1170.95 became effective on January 1, 2022. (Stats. 2021, ch. 551, § 2.) Senate Bill No. 775 amended former section 1170.95, subdivision (d)(3) to provide the following, in relevant part: *The court may also consider the procedural history of the case recited in any prior appellate* opinion. (Former § 1170.95, subd. (d)(3).)

Prior to the enactment of Senate Bill No. 775, the trial court could consider the factual summary recited in an appellate opinion at an evidentiary hearing under section 1170.95, subdivision (d)(3), because the factual summary was admissible as reliable hearsay. (See *People v. Williams* (2020) 57 Cal.App.5th 652, 662 [finding that the superior court was permitted to consider hearsay at evidentiary hearings under former section 1170.95, subdivision (d)(3) within a prior appellate opinion, " 'provided there is a substantial basis for believing the hearsay information is reliable' "]; see also *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800 [the record of conviction may include the underlying facts as summarized in an appellate opinion].)

Following the enactment of Senate Bill No. 775, however, the "Legislature limited use of prior appellate opinions [in hearings under section 1170.95, subdivision (d)], allowing trial judges to 'consider the procedural history of the case recited.' " (*People v. Clements* (2022) 75 Cal.App.5th 276, 292.) Through the passage of Senate Bill No. 775, "the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section 1170.95 petition reaches the stage of a full-fledged evidentiary hearing." (*Ibid.*; accord, *People v. Cooper* (2022) 77

8.

Cal.App.5th 393, 400, fn. 9 ["Senate Bill 775 prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under section 1170.95"].) "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, … such evidence …[cannot] establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

## II.      Analysis

We previously affirmed the trial court's denial of Juarez's petition finding the petition was facially defective and based upon the jury's true finding on the special circumstance allegation, which we concluded, rendered Juarez ineligible for relief as a matter of law.  As discussed further below, we conclude that upon the filing of an amended petition for resentencing, Juarez is entitled to the appointment of counsel and further proceedings consistent with section 1172.6.

### 1.      *Juarez's Petition Must be Amended*

In our original opinion affirming the trial court's order, we observed that Juarez's petition failed to explicitly assert that he was not a major participant in the commission of the underlying offense that had acted with reckless indifference to human life.[5]  Nor does the petition allege that the victim of the murder was not a peace officer in the performance of his or her duties.  Consequently, we concluded that Juarez's petition was not facially sufficient.

---

[5]      The petition submitted by Juarez consists of typewritten boxes wherein the petitioner can check boxes applicable to the circumstances of their case.  However, the petition fails to include a statement alleging that he was not a major participant in the commission of an underlying felony, or that he did not act with reckless indifference to human life.  The pre-typed form is therefore defective.

Following remand from our Supreme Court, we decline to affirm the trial court's order of denial solely upon this basis. Doing so would prohibit this court from reaching the merits of Juarez's claims on appeal, potentially generating a successive appeal.[6] In the interest of judicial economy, we will afford Juarez the opportunity to file an amended petition for resentencing in the trial court below. Additional proceedings, including the appointment of counsel and the issuance of an order to show cause, may follow the filing of the amended petition, assuming the petition contains all necessary averments set forth under section 1172.6. If Juarez declines to file an amended petition for resentencing within 60 days after remittitur issues, the trial court's order of denial will be affirmed without prejudice to Juarez filing a new petition.

### 2. *The Jury's True Finding on the Special Circumstance*

In addition to finding Juarez's petition defective, we previously affirmed the trial court's order denying his petition based upon the jury's true finding on the special circumstance allegation. We previously concluded that this finding rendered Juarez ineligible for resentencing relief as a matter of law. That conclusion is no longer viable in light of our Supreme Court's decision in *Strong*.

In *Strong*, our Supreme Court held that where a petitioner's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) Our Supreme Court reasoned that section 1172.6 requires the petitioner to make a prima facie showing that he could not be convicted of murder under the amended versions of sections 188 and 189, and "[a] pre-*Banks* and *Clark* special

---

[6] The trial court's denial of Juarez's petition occurred without appointing counsel, issuing an order to show cause, or holding an evidentiary hearing. As discussed herein, the enactment of new legislation now shows that the trial court's order of denial is problematic in several respects. To avoid a potential repetition of the issues we have identified, we decline to affirm the trial court's order based upon the fact that Juarez's petition is technically defective.

10.

circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717-718.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [trial court may not deny a section 1172.6 petition at the prima facie stage based on its own determination defendant was major participant in felony and acted with reckless disregard for human life].) Thus, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

Here, the jury's true finding on the robbery-murder special circumstance occurred in 1992, more than two decades before our Supreme Court's decisions in *Banks* and *Clark*. *Strong* makes clear that the jury's finding on the special circumstance does not preclude Juarez from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th at p. 721.) The trial court's order denying Juarez's petition on this basis was therefore improper.

### 3. The Trial Court's Conclusion that Juarez is Likely the Actual Killer

The superior court's order of denial stated that "The record, including the appellate opinion in this case, shows that the petitioner was likely the actual killer." The Attorney General does not suggest that the trial court's order denying Juarez's petition may be affirmed on this basis, nor would such a claim be tenable in light of new clarifying legislation.

This court's statement of facts recited in our prior appellate opinion supports the conclusion that Juarez and Hajnal may have acted as the actual killers based upon the fact

that two different weapons were used during the course of the attack on Sweeney, and in light of the pathologist's testimony that each injury had been a contributing factor to Sweeney's death.[7]  Following the passage of Senate Bill No. 775, however, we are foreclosed from consideration of facts recited in our prior appellate opinion at a section 1172.6 evidentiary hearing (see *People v. Clements, supra*, 75 Cal.App.5th at p. 292), and at the prima facie stage of proceedings (see also *People v. Flores, supra,* 76 Cal.App.5th at p. 988.)  Moreover, the existing record does not permit us to conclude that Juarez could be convicted of murder under an actual killer theory without " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.)  The trial court therefore erred in denying Juarez's petition on this basis.

## DISPOSITION

This court's prior opinion is vacated.  The trial court's August 2, 2021 order denying Juarez's petition for resentencing under former section 1170.95 is reversed.  On remand, following the filing of an amended petition by Juarez within 60 days of the issuance of remittitur, the trial court is directed to appoint counsel to Juarez, to issue an order to show cause, and to conduct further proceedings consistent with section 1172.6.  If Juarez declines to file an amended petition for resentencing within 60 days after remittitur issues, the trial court's order of denial will be affirmed without prejudice to Juarez filing a new petition.

---

[7]     We acknowledge, however, that the jury found not true a section 12022, subdivision (b)(1) enhancement for the personal use of a deadly or dangerous weapon.

12.